**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **THOMAS E. BYRD, No. S09454,** )<br><br>**Plaintiff,** )<br><br>**vs.** )<br><br>**MEDICAL DIRECTOR,** )<br>*Lawrence Correctional Center,* )<br><br>**Defendant.** ) | **CIVIL NO. 13-cv-00193-GPM** |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Thomas E. Byrd, an inmate in Pinckneyville  Correctional Center, brings this

action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on his

medical care while housed at Lawrence Correctional Center ("Lawrence").  This case is now

before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which

provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from
>> such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In his complaint (Doc. 1), Plaintiff alleges that after his arrival at Lawrence in March 2011, he informed the Medical Director that he had just stopped utilizing a walking boot after ankle surgery, and the screws in his ankle were due to be removed. Plaintiff also complained that he was assigned to "the top deck" (an upper gallery), as well as an upper bunk. Plaintiff was experiencing swelling and substantial pain from climbing the stairs and getting into the upper bunk. The Medial Director purportedly replied that the screws were not his problem and should have been taken care of at the prison where Plaintiff was previously housed. Plaintiff did not receive pain pills or a low bunk permit for two months, and the screws are still in his ankle. Plaintiff seeks monetary damages and injunctive relief—he wants the screws removed from his ankle.

## Discussion

Upon careful review of the complaint, the Court finds that Plaintiff has stated a viable claim:

**Count 1:**      **Against the Medical Director of Lawrence Correctional Center for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

The Court, however, will exercise its authority under Section 1915A in only one limited respect, relative to the prayer for injunctive relief.  Because Plaintiff is no longer housed at Lawrence Correctional Center, the Court finds this aspect of the complaint to be moot.  *See Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (transfer from one facility to another renders claim for injunctive relief moot).  Furthermore, Plaintiff Byrd has another case pending regarding his medical treatment at Pinckneyville Correctional Center, where he is currently housed:  *Byrd v. Warden Gaetz, et al*., No. 12-cv-1018-MJR (S.D. Ill. Sept. 19, 2012).

## Pending Motions

Plaintiff's motion for appointment of counsel (Doc. 3) is also pending.  That motion will be referred to United States Magistrate Donald G. Wilkerson for further consideration regarding whether the recruitment of counsel is warranted.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 against Defendant **MEDICAL DIRECTOR, Lawrence Correctional Center**, shall proceed except insofar as Plaintiff Byrd's prayer for injunctive relief is **DISMISSED** without prejudice.

The Clerk of Court shall prepare for Defendant **MEDICAL DIRECTOR, Lawrence Correctional Center**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the

Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant is no longer at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, which shall include a determination on the pending motion for appointment/recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: April 1, 2013

s/ *G. Patrick Murphy*

G. PATRICK MURPHY
United States District Judge