IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS E. BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-193-MJR-DGW |
| ) | |
| DR. FENOGLIO, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment (Doc. 41) filed by Defendant, Dr. James Fenoglio, on August 19, 2013 asserting that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. A hearing pursuant to *Pavey v. Conley*, 544 F .3d 739 (7th Cir. 2008) was held before the undersigned on October 10, 2013. For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**.

## INTRODUCTION

Plaintiff, Thomas Byrd, an inmate currently at Pinckneyville Correctional Center (Pinckneyville), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In December 2010, Plaintiff suffered an injury at Hill Correctional Center (Hill) that necessitated surgery on his right ankle. Plaintiff contends that Defendant was deliberately indifferent to his serious medical needs as he was informed that Plaintiff had surgical screws in his ankle that were due to be removed, but refused to do so. Plaintiff alleges that Defendant's

refusal to remove the screws caused swelling and substantial pain. At issue on Defendant's motion for summary judgment is whether Plaintiff exhausted his administrative remedies prior to filing suit.

## FINDINGS OF FACT

Plaintiff underwent surgery on his right ankle on December 23, 2010 at Galesburg Cottage Hospital in Galesburg, Illinois. The surgeon placed surgical screws in Plaintiff's ankle and recommended they be removed after eight weeks. Three months after surgery, Plaintiff was transferred from Hill, where the injury occurred, to Lawrence Correctional Center (Lawrence) where he stayed for ninety days, from March 2011 to June 2011. Upon his arrival at Lawrence in March, Plaintiff informed Defendant that he had screws in his ankle that were due to be removed per his surgeon's recommendation. Plaintiff asked Defendant to remove the screws, but Defendant responded that Plaintiff should have had them removed at his previous facility. Plaintiff did not file a grievance while at Lawrence. Plaintiff did, however, file a grievance two days after he was transferred from Lawrence to Pontiac Correctional Center (Pontiac) on June 30, 2011.

Plaintiff submitted the grievance dated June 30, 2011 directly to the Administrative Review Board. In the grievance, Plaintiff alleges:

> I got to Lawrence C.C. in March and I went to HCU and told them I have screws that need to come out and they are causing me a lot of pain. I told them that Dr. Shierer put them in and wanted to remove them in May. I was told that the screw removal was not his problem. I asked him to call Dr. Shierer, his answer was no. After a few months of going back and back again I told him the stairs and climbing up and down is hurting daily. He said tuff. In May I walked myself and the Medical Director gave me a low bunk permit.

Plaintiff also completed and submitted two grievances after being transferred from Pontiac to Pinckneyville Correctional Center (Pinckneyville): one completed on June 18, 2012 regarding his treatment at Pontiac and another completed on September 10, 2012 regarding his treatment at Pinckneyville. Both grievances generally covered his treatment at the respective facilities and those doctors' failure to remove the surgical screws.

## CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*,

3

407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

> The PLRA provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-35 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. §504.810(b). The grievance officer is required to advise the Chief Administrative Officer

4

("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

Defendant's contention that there is nothing in any of Plaintiff's grievances that pertain to Defendant Fenoglio and any care he provided is without merit. At the hearing pursuant to *Pavey v. Conley*, 544 F .3d 739 (7th Cir. 2008), Plaintiff testified that he was not aware of Defendant's identity at the time he submitted his June 30, 2011 grievance while at Pontiac. Because he was unaware of Defendant's identity, used male pronouns to describe Defendant and his actions—namely that Defendant told him that the screw removal was not his problem. Plaintiff testified that Dr. Fenoglio was the only male in the medical unit at Lawrence.

Plaintiff furthered testified that he submitted the June 30, 2011 grievance through institutional mail by handing it to a correctional officer that made rounds every thirty minutes. Plaintiff submitted his grievance directly to the ARB, as required pursuant to ILL. ADMIN. CODE TIT. 20, § 504.870, because he grieved medical treatment that occurred while at a previous facility. Plaintiff testified that he submitted two grievances in this manner while at Pontiac and never received a response; he has filed a copy of one of the grievances with the Court (Doc. 33).

The Court finds Plaintiff credible—that he did in fact submit the June 30, 2011 grievance through institutional mail.[1] Plaintiff also attempted to follow up on the grievance by writing a letter to the ARB. In that letter (Doc. 33), Plaintiff stated that he submitted three grievances regarding his medical treatment at Lawrence Correctional Center without receiving a response. The Court finds that Plaintiff did comply with the PLRA and did attempt to submit his grievances. While the Court does not find that any personnel at the prison destroyed or threw

---

[1] The Court finds that Plaintiff's grievances filed on June 18, 2012 and on September 10, 2012 regarding his medical treatment at Pontiac and Pinckneyville, respectively, are not sufficient to exhaust his administrative remedies as they do not contain any allegations regarding Defendant. Both grievances generally covered Plaintiff's treatment at Pontiac and Pinckneyville and those doctors' refusal to remove the screws from his ankle, and contained no allegations of his treatment at Lawrence.

away his grievance, the Court does find that Plaintiff attempted to submit his grievance through the proper procedures, but that he was thwarted.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 21) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 3, 2014**

> **DONALD G. WILKERSON**
> **United States Magistrate Judge**

7