IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS E. BYRD, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13–cv–0193–MJR–DGW |
| | ) |
| DR. FENOGLIO, | ) |
| | ) |
|        Defendant. | ) |

## MEMORANDUM & ORDER ADOPTING REPORT & RECOMMENDATION

**REAGAN, District Judge:**

This § 1983 civil rights case comes before the Court on Defendant's objection to a Report and Recommendation ("R&R") filed by Magistrate Judge Donald G. Wilkerson on January 3, 2014. In the R&R, Judge Wilkerson recommends denying Defendant's motion for summary judgment, in which Defendant argued Plaintiff failed to exhaust his administrative remedies (as required by the Prison Litigation Reform Act, 42 U.S.C. 1997e(a)—the "PLRA") before filing suit. Defendant's objection was timely, and so the undersigned district judge reviews *de novo* the portions of the R&R to which an objection has been made. **28 U.S.C. § 636(b)(1)(C)**. Defendant's objections are specific: that the contents of a June 30, 2011 administrative grievance do not suffice to satisfy the PLRA's exhaustion requirement, and even if they did, the grievance was filed outside the permitted timeframe.

For the reasons articulated below, the Court overrules Defendant's objection, fully **ADOPTS** Judge Wilkerson's R&R (**Doc. 55**), and **DENIES** Defendant's motion for summary judgment (**Doc. 41**).

1

## BACKGROUND

*Pro se* Plaintiff Thomas Byrd (now a resident of the Illinois Department of Corrections' (IDOC's) Pinckneyville Correctional Center) had surgery on his right ankle in December 2010. Post-surgery, Plaintiff transferred to Lawrence Correctional Center for three months (March 2011 through June 2011). Defendant Fenoglio was Lawrence's medical director while Plaintiff was incarcerated there.

According to the Complaint, Plaintiff informed Defendant that, pursuant to his ankle surgeon's recommendation, several remaining screws in Plaintiff's ankle needed removal. Defendant declined to treat Plaintiff (allegedly violating the Eighth Amendment's proscription against cruel and unusual punishments), purportedly telling Plaintiff he should have had the screws removed before arriving at Lawrence. Shortly thereafter, Plaintiff transferred to another correctional facility and—on June 30, 2011—filed an administrative grievance directly to the IDOC's Administrative Review Board.[1] Plaintiff testified (and Judge Wilkerson found him credible—a finding Defendant does not contest) that he never received a response from the ARB regarding his June 2011 grievance. That grievance contained the following assertions:

> I got to Lawrence C.C. in March and I went to HCU [the healthcare unit] and told them I have screws that need to come out and they are causing me a lot of pain. I told them that [the ankle surgeon] put them in and wanted to remove them in May. I was told that the screw removal was not his problem. I asked him to call [the ankle surgeon], his answer was no. After a few months of going back and back again I told him the stairs and climbing up and down is hurting daily. He said tuff. In May I walked myself and the Medical Director gave me a low bunk permit.

Defendant argues that Plaintiff's narrative does not identify Defendant with the specificity required by Illinois grievance procedures, which mandate:

---

[1] Illinois typically requires a prisoner to speak with his counselor, file a written grievance, then appeal that grievance through the institutional and state levels. *See* **20 Ill. Admin. Code §§ 504.810–850.** But in cases like this, where a prisoner is grieving about incidents from a prison where he was formerly incarcerated, he may submit grievances directly to the Administrative Review Board. **20 Ill. Admin. Code § 504.870(a)(4)**.

> The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Ill. Admin. Code § 504.810(b).** As explained below, Plaintiff's description does comport with the PLRA and, assuming *arguendo* it does not, the contents of the grievance are not dispositive: Plaintiff's attempt to grieve was thwarted by IDOC inaction, and that is enough for his case to survive.

## ANALYSIS

Plaintiff's lawsuit is governed by the PLRA, which requires a prisoner to exhaust his administrative remedies before filing suit. **42 U.S.C. § 1997e.** In *Pavey v. Conley* (*Pavey I*), the Seventh Circuit set forth the procedures for tackling the exhaustion issue. The first step is for the judge to conduct "a hearing on exhaustion and [permit] whatever discovery relating to exhaustion he deems appropriate." *Pavey I*, **544 F.3d 739, 742 (7th Cir. 2008).** And in holding that hearing, a court may credit a witness's testimony. *See Pavey v. Conley (Pavey II)*, **663 F.3d 899, 904 (7th Cir. 2011) (affirming,** *inter alia***, the credibility findings of a magistrate judge).** In other words, and unlike other summary judgment motions, the very purpose of *Pavey I* is to allow a judge to resolve swearing contests between litigants. *See Pavey I*, **544 F.3d at 741 ("Juries decide cases, not issues of judicial traffic control.").**

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006).** A prisoner must therefore file grievances "in the place, and at the time, the prison's rules require." *Pozo v. McCaughtry*, **268 F.3d 1022, 1025 (7th Cir. 2002).** As discussed, *supra*, Illinois offender grievances must contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. **20 Ill. Admin.**

3

**Code § 504.810(b).** An offender who does not know the name of his grievance's subject must include as much descriptive information as possible. *Id.*

However, the PLRA's plain language is clear: an inmate must exhaust only those administrative remedies that are available to him, **42 U.S.C. § 1997e(a).** Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance. *Lewis v. Washington*, **300 F.3d 829, 833 (7th Cir. 2002).** Further, an inmate's failure to follow IDOC procedures amounts to a failure to exhaust "only if prison administrators explicitly relied on that shortcoming." *Maddox v. Love*, **655 F.3d 709, 720 (7th Cir. 2011).** The PLRA's function, after all, is to allow prisons to address complaints before being subjected to suit, to reduce litigation to the extent complaints are satisfactorily resolved, and to improve litigation by sparking the preparation of a useful record. *Id.* **at 721 (quoting** *Jones v. Bock*, **549 U.S. 199, 219 (2007)).** A grievance serves its function when prison officials are given a fair opportunity to address an inmate's complaint. *Id.* **at 722.**

Exhaustion is an affirmative defense, and the burden of proof is on a defendant who asserts it. *Id.* **at 720.**

Here, in light of Judge Wilkerson's (uncontested) finding that Plaintiff filed a June 2011 grievance to the Administrative Review Board—which never responded—there are multiple reasons why Plaintiff's case must be allowed to proceed. First, the undersigned agrees with Judge Wilkerson's conclusion that the grievance contained enough information to give prison officials a fair opportunity to address Plaintiff's complaint. According to Plaintiff, Defendant was the only male working in Lawrence's HCU, and Plaintiff (who acknowledges he did not know Defendant's name) mentions one male medical professional several times in his grievance: "I was told that the screw removal was not *his* problem. I asked *him* to call [the ankle surgeon], *his* answer was no. After a few months of going back and back again I told *him* the stairs and climbing up and down is hurting

4

daily. *He* said tuff." Plaintiff's narrative points to one male medical worker, and thereby comports with IDOC requirements to include "as much descriptive information about the individual as possible," **20 Ill. Admin. Code § 504.810(b)**, as well as the PLRA's purpose of alerting the state and inviting corrective action, see *Turley v. Rednour*, 729 F.3d 645, 649–50 (7th Cir. 2013). Had prison officials bothered to respond to Plaintiff's grievance, they would have had enough information to take corrective action. *See Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) **(giving inmate grievance a "generous construction" that "would have induced the prison to consider the possibility" of an Eighth Amendment violation).**

But the contents of Plaintiff's grievance (and its timing: Defendant now claims it was filed past the IDOC deadline) are, in the end, unimportant. When prison officials failed to respond to Plaintiff's grievance, they rendered the exhaustion process unavailable. *Lewis*, **300 F.3d at 833.** And the PLRA only requires exhaustion of "available" administrative remedies. **42 U.S.C. § 1997e(a).** Moreover, procedural shortcomings—like failing to follow the prison's time deadlines or to provide enough detail for followup—only amount to a failure exhaust if administrators explicitly rely on that shortcoming. *Maddox*, **655 F.3d at 722**. Here, prison officials never even addressed Plaintiff's complaint.

Defendant, in the end, asks the Court to hew to a rule whereby an inmate's grievance can be ignored *ad infinitum*, or at least until a defendant wants to show that some procedural deficiency marred the grievance. Such a rule is not contemplated by the PLRA, and would subvert that statute's purpose of inviting prison officials to take corrective action based on a prisoner's complaint.

## CONCLUSION

For the reasons explained above, Defendant's objection is overruled, Judge Wilkerson's R&R **(Doc. 55)** is **ADOPTED** in full, and Defendant's motion for summary judgment (**Doc. 41**) is **DENIED**.

**IT IS SO ORDERED.**
**DATE: March 21, 2014**                             s/ *Michael J. Reagan*
                                                                              **MICHAEL J. REAGAN**
                                                                              United States District Judge