## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS E. BYRD,                          )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )        Case No. 3:13-CV-193-NJR-DGW
                                         )
DR. FENOGLIO,                            )
                                         )
                    Defendant.           )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On February 25, 2013, Plaintiff Thomas E. Byrd, an inmate at Pinckneyville Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Dr. Fenoglio acted with deliberate indifference to his serious medical needs while he was incarcerated Lawrence Correctional Center ("Lawrence"). Specifically, Byrd alleges that Defendant was deliberately indifferent to his ankle pain and refused to provide him a low bunk permit and pain medication, and failed to remove screws that were previously placed in his ankle. On March 12, 2015, Defendant filed Objections to Plaintiff's Answers to Interrogatories (Doc. 90) seeking to dismiss Plaintiff's Complaint. As Defendant requests the Court dismiss Plaintiff's Complaint, the Court construes this as a Motion to Dismiss. For the reasons set forth below, Defendant's motion is denied.

### BACKGROUND

On August 11, 2014, Defendant filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure asking the Court to dismiss Plaintiff's suit for

failure to prosecute and comply with the Federal Rules (Doc. 76).  In support of his Motion, Defendant contended that Plaintiff refused to answer a significant portion of questions posed to him at his deposition and also refused to provide responsive answers to his interrogatory requests.

The Court denied Defendant's Motion (Doc. 86), finding that dismissal of Plaintiff's action was not warranted at the time, as there was not a clear record of delay or contumacious conduct, and the Court had not directly provided Plaintiff an explicit warning that his case could be dismissed due to his failure to comply with discovery. The Court then set forth an amended scheduling order.  Specifically, Plaintiff was directed to respond to Defendant's interrogatories, in full and without objection, by March 2, 2015.  Plaintiff was warned that his failure to do so shall result in dismissal of this action.  Defendant was directed to file a notice with the Court by March 6, 2015, informing the Court of the sufficiency of Plaintiff's responses.  On March 12, 2015, Defendant filed his notice setting forth various objections to Plaintiff's interrogatory responses.

### DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss an action if a plaintiff fails to prosecute or comply with the Federal Rules.  Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing."  *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)) (other citations omitted).

Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed.  *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)).  Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion.  *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

A case also may be dismissed pursuant to Rule 37 of the Federal Rules of Civil Procedure when the Court finds "willfulness, bad faith or fault on the part of the defaulting party."  *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011).  But the sanction of dismissal must be "proportionate to the circumstances."  *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

The Court has reviewed Plaintiff's discovery responses, as well as Defendant's objections, and finds that Plaintiff's responses are adequate.  Although Plaintiff's responses might not be as extensive or detailed as Defendant would like, it appears that Plaintiff made a good faith effort to answer each question to the best of his ability.  This is particularly true considering Defendant's interrogatories did not necessarily seek information that could perceivably be obtained by an incarcerated individual and, furthermore, the interrogatories were not exactly clear or concise.

Accordingly, Defendant's request that the Court dismiss Plaintiff's Complaint is **DENIED**, the case shall move forward with discovery, and the following deadlines are imposed:

1. Defendant is **GRANTED** leave to re-depose Plaintiff. Defendant may use the Court's facilities to conduct the

deposition by video-conference, if that is convenient, economical, and desirable.  Plaintiff is **INSTRUCTED** to respond to each and every deposition question directly, fully, and without objection.  Plaintiff is **ADVISED** that as this is not a criminal case, "taking the fifth" is not a responsive answer to a deposition question.  Plaintiff is **WARNED** that his failure to comply with Federal Rule of Civil Procedure 30 and offer complete answers to each and every deposition question **SHALL** result in dismissal of this action.

2. Discovery shall be completed by **April 30, 2015**.

3. Dispositive motions shall be filed by **May 26, 2015**.

4. This matter is set for jury trial on **September 2, 2015, at 9:00 a.m**.

**IT IS SO ORDERED.**

**DATED:  April 1, 2015**

<u>s/ Nancy J. Rosenstengel</u>
**NANCY J. ROSENSTENGEL**
**United States District Judge**